UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Jason Pruitt,<br><br>               Plaintiff,<br><br>v.<br><br>Virtuoso Sourcing Group, LLC,<br><br>               Defendant. | Civil Action No.: 4:19-cv-53<br><br>**COMPLAINT**<br>JURY |

For this Complaint, Plaintiff, Jason Pruitt, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Jason Pruitt ("Plaintiff"), is an adult individual residing in Sherman, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Virtuoso Sourcing Group, LLC ("Virtuoso"), is a Colorado business entity with an address of 4500 Cherry Creek Drive South, Suite 300, Glendale, Colorado 80246, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A.   **The Debt**

6. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Virtuoso for collection, or Virtuoso was employed by the Creditor to collect the Debt.

9. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B.   **Virtuoso Engages in Harassment and Abusive Tactics**

10. Within the last year, Virtuoso contacted Plaintiff in an attempt to collect the Debt.

11. On or about June 29, 2018, Virtuoso called Plaintiff twenty (20) times within ten (10) minutes.

C.   **Plaintiff Suffered Actual Damages**

12. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

13. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

16. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

17. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

18. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

19. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

22. Defendant are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

23. Defendant caused a telephone to ring repeatedly, with the intent to annoy or abuse Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

24. Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2), and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 24, 2019

Respectfully submitted,

By  */s/ Jody B. Burton*

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG LAW LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jburton@lemberglaw.com
*Attorneys for Plaintiff*